TRUSTEES OF PUTNAM FREE SCHOOL *versus* FISHER.

Without *actual* occupation of some portion of the premises by the grantee under a recorded deed, the real owner is not *disseized* thereby.

Under the plea of the general issue, the tenant cannot give in evidence a conveyance by the demandant of any portion of the premises to one under whom he does not claim, and which does not show that the demandant was not *seized* according to his writ.

Where the tenant would *disclaim* a *portion* of the premises demanded, it must be made up and filed according to the provisions of the laws of this State, or it cannot be available. Such disclaimer cannot be incorporated into the plea of the general issue.

And if, where a disclaimer was thus incorporated, the demandant recovers the value of more land, without improvements, than he really owned, a new trial could not avail the tenant, as the cause must be tried again upon the same pleadings.

WRIT OF ENTRY.

This action was commenced in 1847, to recover the northerly half of lot No. 7, in the 4th range of lots in the town of Charlotte. It has been before the Court upon exceptions to certain rulings of the Judge presiding in the trial, and is reported in 34 Maine, 172, where will be found a diagram of the premises and a statement of the case.

At the last trial in 1853, the tenant pleaded "he never disseized the demandants in manner and form as they have declared against him, and *disclaims* to hold any estate or possession in so much land included within the description of the demandants' declaration, as lies southerly of the stone wall and the continuation of that line from the town to the county road, being the dividing line between the tenant and the Jacob Gardiner lot, (so called) and puts himself on the country."

He also claimed to hold the part by him defended, by virtue of a possession and improvement for more than six years, and requested the jury to inquire as to the increased value.

The demandant asked for a determination of the value of the premises without any improvements.

The jury found the tenant did disseize according to the count in the writ, and found the increased value of the land under the improvements, $1200, and without them, $265,72.

And the cause now came before the full Court, on a motion to set aside the verdict, as being against law and the evidence.

No report of the evidence is necessary to an understanding of the grounds of the decision.

*Fuller*, in support of the motion.

*Granger, contra.*

SHEPLEY, C. J. — The case is presented on a motion to have the verdict set aside. The testimony presented respecting the title to the greater portion of the lot demanded, is not such as to authorize it, unless a disseizin was cre-

ated by the conveyance in mortgage made by David Fisher, on July 2, 1822, to Isaac Hobart. That deed was duly recorded on August 28, 1822. It does not appear, that Hobart ever entered upon any portion of the lot under it, or that any change of possession took place in consequence of it, until after it was assigned to Samuel Fisher, in 1842. To make a recorded deed operate to disseize the owner, the grantee must actually occupy some portion of the premises. *Peters* v. *Foss*, 5 Greenl. 182. If it would have that effect after it was assigned to Samuel Fisher, sufficient time had not since elapsed to prevent a recovery.

It is further insisted, that the verdict should be set aside, because the demandants will recover the whole of the premises, when it appears, that David Blanchard was the owner of that part of the lot separated from the rest by a highway and containing about seven acres.

The general issue was pleaded and joined without any special plea or brief statement of defence, that demandants had conveyed a part of the lot to a third person.

Under such pleadings it has been decided by the case of *Stanley* v. *Perley*, 5 Greenl. 369, and by others, and by one recently, that a conveyance made by a demandant to a person, under whom the tenant does not claim, and which does not show, that the demandant had not been seized within the time alleged in his writ, cannot be received as evidence. If made within twenty years before the commencement of the suit, it cannot disprove the alleged seizin of the demandant and cannot therefore be admitted under a plea of the general issue. The deed from the demandants was therefore incorrectly admitted. Without its admission the demandants would have been entitled to recover that lot conveyed to Blanchard. The verdict should not be set aside to prevent a recovery of it, for the tenant could derive no benefit from it on that account.

It is further insisted, that the verdict should be set aside, or the demandants will recover a small triangular piece,

which the tenant did not claim, and to which he disclaimed any title or possession.

By statute, c. 145, § 9, it was provided, if the tenant claimed only a part of the premises demanded, that he should describe such part in a statement, signed by him or his attorney, and filed in the case, and disclaim the residue. He might also disclaim the whole of the premises demanded without such formal proceedings. This statute was amended by the Act approved on August 10, 1846, c. 221, which provided, that if any defendant would avail himself of the provisions of that ninth section, his pleadings and brief statement should be filed within the time required for filing pleas in abatement, and not after except by special leave of the Court.

The pleadings present no proper disclaimer of that triangular piece, either according to the rules of the common law or the provisions of the ninth section before it was amended. There is a disclaimer of it incorporated with, and constituting a part of the plea of the general issue with a conclusion to the country. A regular and formal disclaimer pleaded in bar should not be incorporated with another plea, which must terminate with a conclusion to the country; and it should conclude with a verification. But such a plea to a portion of the premises demanded, could not be received since the revised statutes were in force. The disclaimer as presented, being entirely deficient of the elements required by those provisions of the statute, was of no validity. No issue was made, or could be properly made upon it. There is no exhibition of any leave granted to file it under the provisions of the statute as amended. If it had contained the elements required, it would have been presented too late to be available.

If in the assessment of the value of the land without the improvements the demandants may recover for the value of a few more acres than they owned, this will be occasioned by the state of the pleadings, which would not be changed by setting the verdict aside. There may be much reason for

doubt, whether those portions of the premises were included in the estimate of value made by the jury.

*Judgment on the verdict.*

TENNEY, HOWARD, APPLETON and HATHAWAY, J. J., concurred.